UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
---------------------------------------------------------------------x
U.S. BANK, N.A. as Trustee for the Registered     :
Holders of ML-CFC Commercial Mortgage Trust
2006-1, Commercial Mortgage Pass-Through          : Case No. 11-4773
Certificates, Series 2006-1,
                                                  :
                Plaintiff-Appellee,
                                                  :
  - against -
                                                  :
SQUADRON VCD, LLC, PATSY MORTON and
ALLEN MORTON,                                     :

                Defendants-Appellants.
---------------------------------------------------------------------x

# MOTION FOR PERMISSION
# TO FILE OPPOSITION TO APPELLANTS'
# PETITION FOR REHEARING
# WITH SUGGESTION FOR REHEARING EN BANC

ARONAUER, RE & YUDELL, LLP
Attorneys for Plaintiff-Appellee
One Grand Central Place
60 East 42nd Street, Suite 1420
New York, New York 10165
(212) 755-6000

Plaintiff-Appellee SBC 2010-1, LLC, successor in interest to U.S. Bank, N.A. as Trustee for the Registered Holders of ML-CFC Commercial Mortgage Trust 2006-1, Commercial Mortgage Pass-Through Certificates, Series 2006-1 ("Appellee") moves this Court pursuant to Local Rules 27.1, 35.1 and 40.1 for permission to file opposition to the Petition for Rehearing With Suggestion for Rehearing En Banc (the "Petition") filed by Defendants-Appellants Patsy Morton and Allen Morton ("Individual Appellants").  In the event the Court does not reject the Petition out of hand, as it should, Appellee respectfully requests the opportunity to submit opposition to the Petition to establish that there is no need for a rehearing and no basis for a rehearing *en banc*.

The Petition should be rejected by the Court as a frivolous attempt to reargue issues which have been decided by this Court and the District Court multiple times.  Indeed, the Individual Appellants were recently sanctioned by the District Court for their frivolous conduct.  See March 5, 2013 Order at Docket No. 125.[1]

---

[1] Since this appeal was filed, the Individual Appellants have sought to reargue the same issues in the District in at least eight (8) separate sets of motion papers.  See District Court Docket Nos. 63-64 (Motion for OSC and TRO to Prevent Transfer of Property) and minute entry on 2/14/12 denying motion; 77-78 (Opposition to Motion to Confirm Sale) and 85 (Memorandum Decision confirming sale); 83 (Request for Judicial Notice); 86-87 (Motion for Findings of Fact and Conclusions of Law) and 90 (Endorsed Letter denying Motion for Findings of Fact); 94-97 and 102-104 (Motion pursuant to FRCP 60(b) for relief from judgment), 110 (Order denying motion and certifying any appeal as frivolous) and 121 (Notice of Appeal); and 111-114 and 116-118 (Opposition to Motion to Compel, Cross-Motion to Compel and Motion for Sanctions), 125 (Order granting Plaintiff's Motion to Compel, Denying Individual Defendants'

In its Summary Order, this Court set forth five (5) separate reasons for affirming the decision of the Court below. At least two of the reasons set forth by this Court for its affirmance, the physical delivery of the original loan documents and that the assignments assigned both the Note and Mortgage, are not even addressed by the Individual Appellants in the Petition. Accordingly, the Petition should be rejected by the Court without further proceedings.

In the event the Court decides to consider the Petition, which it should not, then Appellee should be permitted to submit opposition to the Petition. This is because the Individual Appellants attempt to mislead this Court by grossly misstating the applicable law and the underlying facts contained in the Record on Appeal. Appellee requests permission to file opposition to the Petition to correct these blatant misstatements so that the Court will not be misled when it considers the Petition.

For example, the Individual Appellants assert in the Petition that the Summary Order of this Court (the "Order") is contrary to the decision of the United States Supreme Court in *Carpenter v. Longan*, 83 U.S. 271 (1872). That is untrue. The issue raised by the Individual Appellants concerning the propriety of the transfer of the note and mortgage at issue in this case is governed by New York State law. The

---

Cross-Motions to Compel and Motion for Sanctions and certifying any appeal as frivolous) and 128 (Joint Notice of Appeal).

Individual Appellants admit this on page 2 of their Petition, stating "[u]nder New York Law, the governing law of this case . . .."

However, *Carpenter*, does not address New York law. Instead, *Carpenter* involves a note executed and sought to be enforced in "Jefferson County, Colorado Territory." *Carpenter*, 83 U.S. at 271-272. As such, the Summary Order is not in conflict with *Carpenter*. Rather, the Order is fully consistent with *Carpenter* since this Court held in the Order that both the note and mortgage at issue were properly assigned to Appellee.

The Individual Appellants also mislead the Court with respect to Judge Gardephe's involvement with this case. Judge Gardephe issued a single order in the case as a Part 1 judge in August 2010. See District Court Docket No. 6. Because the assigned judge, Judge Motz, was apparently unavailable, Judge Gardephe granted Appellants' application for a hearing on shortened notice of a motion to vacate an Order Appointing Receiver signed by Judge Motz. The Order signed by Judge Gardephe did not address any substantive issues and did not consider the merits of the motion. Rather, the Order simply set a schedule for the briefing and hearing of the motion. Further, the Order was not appealed and has no possible impact on this appeal. Thus, the fairness of the process has not been called into question, and Judge Gardephe's limited involvement does not provide any other basis for a rehearing.

3

Similarly, in the Petition the Individual Appellants misstate the terms of the PSA and MLPA and hide from the Court the provisions of those documents and the Assumption Agreement which bar the claims being asserted thereunder by the Individual Defendants. For example, the Individual Appellants fail to bring to the Court's attention that they are barred from asserting claims under the PSA and MLPA since (i) they are not parties to either agreement, (ii) both the PSA and MLPA expressly prohibit claims by third-parties and (iii) such prohibitions are enforced under New York law. See Appellee Brief, at pp. 24-25. The Individual Appellants also fail to bring to the Court's attention the terms of the Assumption Agreement in which the Individual Appellants admit years prior to the commencement of this litigation that the Trust was the owner and holder of the note and mortgage, that the Note and Mortgage are valid and enforceable documents, and that they did not have any defenses to enforcement of the note and mortgage. See Appellee Brief, at pp. 25-26.

While the Individual Appellants spend a great deal of time in the Petition discussing the claimed need for an endorsement to the Note, the Individual Appellants fail to disclose in the Petition the law cited in their own appellate brief which establishes that there does need to be an endorsement to transfer a mortgage note. The case cited in Appellants' Brief, *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 753, 890 N.Y.S.2d 578, 580 (2d Dep't 2009), makes clear that a note may be transferred by assignment rather than

endorsement.[2] Since assignments may be completed by delivery, oral agreement or written agreement, the Summary Order correctly held that the assignment of the Note and Mortgage was properly completed from each assignor to each assignee.

These are but a few examples of false and misleading statements made by the Individual Appellants in the Petition. Upon even a cursory review of the actual facts and the relevant law, there is no basis for a rehearing and certainly no basis for a rehearing en banc. As such, the Petition should be denied.

---

[2] The one case cited by the Individual Appellants that references the need for an endorsement is mischaracterized by the Individual Appellants since that case involved a dispute between the assignor and assignee of the note, and did not involve an issue of standing raised by a borrower.

<u>Conclusion</u>

Based upon the foregoing, it is respectfully requested that the Court deny the Petition in its entirety, or, if the Court decides to consider the Petition, that it grant the Motion and permit Appellee to submit opposition to the Petition, and that the Court grant Appellee such other, further and different relief as to this Court seems just, proper and equitable.

Dated:    New York, New York
          March 28, 2013

                                              Respectfully submitted,

                                              ARONAUER, RE & YUDELL, LLP

                                              By: <u>/s/Kenneth S. Yudell</u>
                                                   Kenneth S. Yudell, a member
                                                    of the Firm (KY-3259)
                                              Attorneys for Plaintiff-Appellee
                                              One Grand Central Place
                                              60 East 42nd Street, Suite 1420
                                              New York, New York 10165
                                              (212) 755-6000

*Of Counsel:*

    Kenneth S. Yudell