```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
----------------------------------------------------------------------x
U.S. BANK, N.A. as Trustee for the Registered          :
Holders of ML-CFC Commercial Mortgage Trust
2006-1, Commercial Mortgage Pass-Through              :  Case No. 11-4773
Certificates, Series 2006-1,
                                                       :
                Plaintiff-Appellee,
                                                       :
        - against -
                                                       :
SQUADRON VCD, LLC, PATSY MORTON and
ALLEN MORTON,                                          :

                Defendants-Appellants.
----------------------------------------------------------------------x
```

# REPLY IN FURTHER SUPPORT OF
# MOTION FOR PERMISSION
# TO FILE OPPOSITION TO APPELLANTS'
# PETITION FOR REHEARING
# <u>WITH SUGGESTION FOR REHEARING EN BANC</u>

ARONAUER, RE & YUDELL, LLP
Attorneys for Plaintiff-Appellee
One Grand Central Place
60 East 42nd Street, Suite 1420
New York, New York 10165
(212) 755-6000

Plaintiff-Appellee SBC 2010-1, LLC, successor in interest to U.S. Bank, N.A. as Trustee for the Registered Holders of ML-CFC Commercial Mortgage Trust 2006-1, Commercial Mortgage Pass-Through Certificates, Series 2006-1 ("Appellee") has moved this Court pursuant to Local Rules 27.1, 35.1 and 40.1 for permission to file opposition to the Petition for Rehearing With Suggestion for Rehearing En Banc (the "Petition") filed by Defendants-Appellants Patsy Morton and Allen Morton ("Individual Appellants").  As set forth in the moving papers, in the event the Court does not reject the Petition out of hand, as it should, Appellee respectfully requests the opportunity to submit opposition to the Petition to establish that there is no need for a rehearing and no basis for a rehearing *en banc*.

In their opposition papers, the Individual Appellants continue their repeated assaults on both myself and the truth. After filing a motion containing less than five (5) pages of argument, the Individual Appellants filed an opposition brief more than twice as long as the motion and containing claims not previously made in the Petition.  As such, this short reply was necessary.

Despite claims made in the opposition papers, there is nothing in the Rules of this Court which prohibits Appellee from making this request.  Rather, the Rules simply state that no response to a petition shall be filed without permission of the Court.  Since permission is required, the motion seeking such permission was necessary.

Further, while the Individual Appellants assert that the is an improper opposition to the Petition, that is untrue. Appellee needed to provide the Court with the basis for the motion and the reasons the motion should be granted. Appellee did not respond to the entire Petition. Instead, Appellee limited its motion to setting forth a few examples of why opposition would be appropriate.

Indeed, Appellee cites to only two (2) cases in the motion, both of which are discussed in a limited manner to point out examples of misstatements in the Petition. Since the Individual Appellants cite more than ten (10) cases and numerous statutes and rules in the Petition, Appellee did not fully respond to the Petition as is alleged in the opposition.[1] The Individual Appellants, on the other hand, cite to eleven (11) cases and several statutes and rules in their opposition papers, most of which were not cited in the Petition. Further, none of the cases cited in the opposition deal with the issue of whether Appellee should be permitted to file opposition. Rather, all of the cited cases deal with the substantive issue on the appeal and the Petition. Thus, the majority of the opposition papers should be stricken for improperly supplementing the Petition.

The Individual Appellants also deny that they were sanctioned by the District Court for frivolous conduct. Annexed hereto as Exhibit A is the District Court's

---

[1] While the Individual Appellants make twelve (12) pages of argument to support their petition in their opposition papers, they do not discuss *Carpenter v. Longan*, 83 U.S. 271 (1872), a case they assert in the Petition was a primary basis for a rehearing and a rehearing *en banc*. Thus, it appears they may have conceded that they were incorrect to cite to that case as the basis for their Petition.

March 5, 2013 Order. As is clear from the Order, the District Court not only imposed a monetary sanction on the Individual Appellants, but also, due to the actions of the Individual Appellants, took the extraordinary step of enjoining the Individual Appellants from filing further litigation related to this case without prior approval of the Court. In the Order, the District Court also certified that the any appeal would not be taken in good faith. Despite this certification by the District Court, the Individual Appellants have filed an appeal of that Order.[2]

The Individual Appellants also make a new claim in their opposition papers which was not made in the Petition. The Individual Appellants assert for the first time in their opposition papers that the Loan Agreement was withheld from the Court and the District Court. That is untrue. The Loan Agreement was annexed as Exhibit F to the motion for summary judgment and is located at page SA-46 in the Supplemental Appendix.[3]

The Individual Appellants once again attempt to misstate the involvement of Judge Gardephe in this case. As set forth in the moving papers, Judge Gardephe's only involvement with the case below was, in his position as a Part 1 judge, to issue a

---

[2] The Individual Appellants have also filed an appeal of a prior order of the District Court, dated February 19, 2013, in which the District Court also certified that an appeal would not be taken in good faith. A copy of this Order is annexed as Exhibit B.

[3] A Supplemental Appendix was filed by Appellee because the Individual Appellants, although represented by counsel, did not file an appendix containing all relevant documents and did not consult with Appellee on the filing of a joint appendix as required by the rules of this Court.

ministerial order scheduling a hearing with Judge Motz (the judge assigned to the case at that time). A copy of the August 24, 2010 scheduling Order issued by Judge Gardephe is annexed hereto as Exhibit C. Judge Gardephe did not make any substantive decisions and did not participate in the telephone hearing.[4] As the Order makes clear, it was Judge Motz that was going to be holding a hearing on the merits of the motion. Further, as the August 31, 2010 Order by Judge Motz makes clear, it was Judge Motz who denied the motion brought by the Individual Appellants.

       The claims made by the Individual Appellants against Judge Motz are also not made in the Petition and are clearly untrue. These allegations are not supported by anything in the record or in the opposition papers and are likely fabricated.

       As set forth in the moving papers, Appellee did not fully respond to all of the inaccurate claims being made in the Petition. Rather, in the motion Appellee only briefly addressed a few claims as examples of the false and misleading statements made by the Individual Appellants in the Petition to provide a basis for the need for opposition. Upon even a cursory review of the actual facts and the relevant law, there is no basis for a rehearing and certainly no basis for a rehearing en banc. As such, the

---

[4] I participated in the telephonic hearing with opposing counsel and Judge Motz. To the best of my recollection, the Individual Appellants were not even participants in that call.

4

Petition should be denied without further briefing. However, should the Court decide to consider the Petition, Appellee should be granted permission to submit opposition.[5]

Conclusion

Based upon the foregoing, it is respectfully requested that the Court deny the Petition in its entirety, or, if the Court decides to consider the Petition, that it grant the Motion and permit Appellee to submit opposition to the Petition, and that the Court grant Appellee such other, further and different relief as to this Court seems just, proper and equitable.

Dated:　　　New York, New York
　　　　　　April 16, 2013

Respectfully submitted,

ARONAUER, RE & YUDELL, LLP

By: /s/Kenneth S. Yudell
　　Kenneth S. Yudell, a member
　　of the Firm (KY-3259)
Attorneys for Plaintiff-Appellee
One Grand Central Place
60 East 42nd Street, Suite 1420
New York, New York 10165
(212) 755-6000

*Of Counsel:*

　　Kenneth S. Yudell

---

[5] It is also unclear if the Petition was timely filed. The Court's Summary Order was filed on December 4, 2012. However, the Petition was not filed by the Court until March 19, 2013. While the Individual Appellants attempted to file the Petition when they were represented by counsel, even then the papers were not received until December 19, 2012 according to the Docket which is not within the fourteen (14) days set forth in Fed. R. App. Proc. 40(a)(1).