MANDATE

11-4773-cv
U.S. Bank, N.A. v. Squadron VCD, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand twelve.

PRESENT: DENNY CHIN,
RAYMOND J. LOHIER, JR.,
_Circuit Judges_,
PAUL G. GARDEPHE,
_District Judge_.[*]

- - - - - - - - - - - - - - - - - - - - - - -x

U.S. BANK, N.A., as Trustee for the
Registered Holders of ML-CFC
Commercial Mortgage Trust 2006-1,
Commercial Mortgage Pass-Through
Certificates, Series 2006-1,
　　　_Plaintiff-Appellee_,

　　　-v.-                                          11-4773-cv

SQUADRON VCD, LLC, ALLEN MORTON,
PATSY MORTON,
　　　_Defendants-Appellants_,

John Does 1-100, the latter names
being fictitious but intending to
designate tenants and persons in
possession or persons having an
interest in the premises described
in the Complaint herein,
　　　_Defendants_.

- - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 05/09/2013

| | |
|---|---|
| FOR PLAINTIFF-APPELLEE: | Kenneth S. Yudell, Aronauer, Re & Yudell, LLP, New York, New York. |
| FOR DEFENDANTS-APPELLANTS: | Susan Chana Lask, Law Offices of Susan Chana Lask, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-appellants Squadron VCD, LLC, Allen Morton, and Patsy Morton (collectively, "Squadron") appeal from the district court's judgment of foreclosure and sale entered November 3, 2011, awarding plaintiff-appellee U.S. Bank, N.A. ("U.S. Bank") $12,893,379.75 plus interest and foreclosing on certain real property. Judgment was entered after the district court granted, by memorandum decision entered October 4, 2011, U.S. Bank's motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On September 13, 2005, Windsor Realty Associates, LLC ("Windsor") borrowed $11 million from Merrill Lynch Mortgage Lending, Inc. ("MLM Lending"). They executed various documents, including a note and a mortgage to secure the note on property located at 20 Squadron Boulevard, New City, New York (the "Mortgaged Property").

On March 22, 2006, MLM Lending sold the loan to Merrill Lynch Mortgage Investors, Inc. ("MLM Investors") pursuant to a Mortgage Loan Purchase Agreement (the "MLPA"). MLM Investors placed the loan in ML-CFC Commercial Mortgage Trust 2006-1 (the

"Trust") and securitized it with other loans. The Trust retained beneficial ownership of the loan.

LaSalle Bank, N.A. ("LaSalle") was the Trust's initial Trustee. In the MLPA, MLM Lending warranted that it would deliver both the original note and a copy of the mortgage to LaSalle, on behalf of MLM Investors. LaSalle then affirmed, in the Pooling and Service Agreement dated "as of March 1, 2006" (the "PSA"), that it had received those documents. The parties never recorded the transfer between MLM Lending and MLM Investors; on August 21, 2006, however, MLM Lending recorded an assignment from it directly to LaSalle.

Squadron purchased the Mortgaged Property and assumed the subject loan obligations on July 16, 2007.

On June 30, 2008, LaSalle resigned as Trustee. Wells Fargo Bank, N.A. ("Wells") succeeded LaSalle as Trustee. LaSalle, however, remained Custodian of the Trust and therefore an agent of the Trustee, and it retained custody of the note and mortgage. Six months later, on January 1, 2009, Wells resigned and U.S. Bank was appointed the successor Trustee. LaSalle's role did not change, but during this intervening six-month period, it merged into Bank of America, N.A. ("BANA"). Thus, after U.S. Bank became the Trustee, LaSalle/BANA was its agent, as the Trust Custodian. Because Wells knew that U.S. Bank would succeed it beginning in 2009, Wells suggested that LaSalle/BANA assign the mortgages directly to U.S. Bank. LaSalle/BANA complied, recording an assignment to U.S. Bank on May 5, 2009, which was made "effective as of June 30, 2008."

Squadron defaulted on its payments on February 1, 2009. The Trust notified Squadron of its default on February 17, and issued a demand letter on October 8, 2009. Squadron failed to timely cure its default, and on July 20, 2010, U.S. Bank filed this action to foreclose on the Mortgaged Property. Squadron now appeals.

In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt. See R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997) (applying New York law); United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991) (same). The lender is entitled to summary judgment if it establishes by documentary evidence the facts underlying its cause of action and the absence of a triable fact. R.B. Ventures, 112 F.3d at 59 n.2; Freidus, 769 F. Supp. at 1277. We review a district court's grant of summary judgment de novo. Young v. Cnty. of Fulton, 160 F.3d 899, 902 (2d Cir. 1998).

When it moved for summary judgment, U.S. Bank presented copies of the note and the mortgage, as well as affidavits establishing that, despite some intervening assignments of the note and mortgage, the Trust retained beneficial ownership of the loan. U.S. Bank also provided undisputed evidence of Squadron's default. Thus, U.S. Bank demonstrated that it was entitled to summary judgment.

On appeal, Squadron argues: (1) certain assignments were not in writing; (2) certain intermediate assignments were not recorded; (3) the note was not endorsed; and (4) even if the

-4-

mortgage had been properly assigned, it was assigned without the accompanying note. These arguments lack merit.

First, under New York law, physical delivery will effect a valid assignment of a note and mortgage; a written assignment is not required. See, e.g., U.S. Bank, N.A. v. Collymore, 890 N.Y.S.2d 578, 580 (App. Div. 2d Dep't 2009) ("Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation . . . ." (emphasis added)). The record establishes the following transfers of the note and mortgage: (1) MLM Lending agreed to deliver both the original note and a copy of the mortgage to LaSalle, which LaSalle received; (2) Wells succeeded LaSalle as Trustee, but LaSalle -- as Wells's agent -- retained physical custody of the note and mortgage; and (3) U.S. Bank then succeeded Wells as Trustee while LaSalle/BANA continued to retain physical custody of the note and mortgage, as U.S. Bank's agent. Therefore, this physical delivery resulted in valid assignments of the note and mortgage from MLM Lending to U.S. Bank (or more specifically, its agent). See Collymore, 890 N.Y.S.2d at 580; 77 N.Y. Jur. 2d Mortgages § 116 (noting that a transfer to a third person, as agent of the mortgagee, operates as a delivery if intended to be a delivery to the mortgagee).

Second, even though only two of these various assignments were recorded -- from MLM Lending to LaSalle, then from LaSalle/BANA to U.S. Bank -- the validity of the physical transfers themselves is unaffected. U.S. Bank, N.A. v. Dellarmo, 942 N.Y.S.2d 122, 124 (App. Div. 2d Dep't 2012) ("The failure to

-5-

record an assignment prior to the commencement of the action is not necessarily fatal . . . ."); 78 N.Y. Jur. 2d Mortgages § 278 ("An assignment of a mortgage is valid even though not recorded." (citing Fryer v. Rockefeller, 63 N.Y. 268, 276 (1875))).

Third, contrary to Squadron's allegations on appeal, neither the MLPA nor the PSA required that the note be endorsed. Rather, although both documents permit notes "endorsed on its face or by allonge attached thereto," each also contemplates notes transferred "in blank." Therefore, as Squadron does not otherwise contest the validity of the note, the unendorsed copy presented by U.S. Bank was sufficient. See, e.g., Green Point Sav. Bank v. Papis, 668 N.Y.S.2d 943, 943 (App. Div. 2d Dep't 1998) ("The plaintiff's submission of a copy of the duly executed mortgage note . . . sufficiently established its cause of action for foreclosure."); Wells Fargo Bank Minn., N.A. v. Mastropaolo, 837 N.Y.S.2d 247, 248, 251-52 (App. Div. 2d Dep't 2007) (mortgagee entitled to summary judgment on its action to foreclose where its complaint included copies of the mortgage and note).

Fourth, although Squadron asserts that any assignment was of the mortgage alone (and not of the note), the Trust documents provide otherwise. As described above, U.S. Bank established that each assignment was accompanied by delivery of both the mortgage and the note. As a result, Squadron's conclusory allegations, without more, cannot overcome the presumption that these assignments-by-delivery occurred. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (party opposing summary judgment must offer some "hard

-6-

evidence showing that its version of the events is not wholly fanciful" (internal quotation omitted)).

Fifth, standing to prosecute a foreclosure action is determined as of the date the action is filed. Dellarmo, 942 N.Y.S.2d at 124 (standing is established "at the time the action is commenced" (internal quotation omitted)). The record shows that U.S. Bank was appointed Trustee on January 1, 2009. On that date, it acknowledged receipt of the mortgage file (including the note and mortgage), via its agent. Thus, U.S. Bank possessed both the mortgage and the note well before July 20, 2010, when it filed its complaint. See, e.g., U.S. Bank, N.A. v. Denaro, 950 N.Y.S.2d 581, 582 (App. Div. 2d Dep't 2012) ("In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." (internal quotation omitted)); cf. Wells Fargo Bank, N.A. v. Marchione, 887 N.Y.S.2d 615, 619 (App. Div. 2d Dep't 2009) (despite a valid retroactive assignment, plaintiff lacked standing to bring foreclosure action because assignment was not executed before the action was first filed).

We have considered Squadron's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit